94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin T. MACIONSKI, Plaintiff-Appellant,
v.
ALASKA AIRLINES, Defendant-Appellee.
 No. 95-55197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided Aug. 12, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Plaintiff filed this action in Los Angeles Superior Court claiming damages arising from Alaska's allegedly wrongful termination of Plaintiff's employment in violation of public policy. Alaska claims that Plaintiff was an at-will employee, and was discharged for exercising "extremely poor judgment" which resulted in the violation of at least three of Alaska's rules of conduct. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.
 
 DISCUSSION
 A. Stipulation of At-Will Employment
 
 4
 Plaintiff alleges that the district court erred in refusing to set aside his prior counsel's stipulation that Plaintiff was employed at will.
 
 
 5
 The trial court has broad discretion in enforcing stipulations. United States v. McGregor, 529 F.2d 928, 931 (9th Cir.1976). Generally, stipulations will be enforced absent a showing that the stipulation was the result of inadvertence, and the opposing party would not be prejudiced by setting aside the stipulation. McGregor, 529 F.2d at 931-32.
 
 
 6
 Plaintiff implies that his prior counsel inadvertently entered into the stipulation without his assent or authority, and that the inadvertence is established by prior counsel's failure to assert a cause of action based on a theory of implied contract to terminate only for cause,[1] plus the fact that prior counsel resigned from the bar with disciplinary charges pending. Plaintiff also argues that Defendant would not have been prejudiced by the stipulation, since Defendant was aware as early as June of 1994 that Plaintiff sought to raise the "for cause" issue.
 
 
 7
 Even assuming the opposing party would not be prejudiced, Plaintiff has failed to demonstrate that the stipulation was the result of inadvertence. Relief from a stipulation is not warranted where, as here, the decision to enter into the stipulation was simply a matter of strategy. See McGregor, 529 F.2d at 932, n. 2 (noting that it is error to relieve a party from a stipulation "when there was no inadvertency but merely a gamble for a better settlement")."
 
 
 8
 Furthermore, Plaintiff cites no evidence in the record to support his allegation that the stipulation was entered into without his assent or authority. The district court did not abuse its discretion in upholding the stipulation.
 
 
 9
 B. Breach of Contract to Terminate for Cause
 
 
 10
 The district court's grant of summary judgment is reviewed de novo. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986). We must view the evidence in the light most favorable to plaintiff to determine whether there are any genuine issues of material fact, and whether the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In light of the stipulation, there is no genuine issue of fact as to Plaintiff's employment status.
 
 
 11
 C. Breach of Implied Covenant of Good Faith & Fair Dealing.
 
 
 12
 The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship. Smith v. City and County of San Francisco, 275 Cal.Rptr. 17, 23 (1990). Here, there is no contract to terminate only for cause. Plaintiff's reliance on Sheppard v. Morgan Keegan & Co., 266 Cal.Rptr. 784 (1990), is misplaced. In Sheppard, the plaintiff had moved across the country on the promise of a job which did not materialize. The court enforced the employer's promise of employment under the doctrine of promissory estoppel. In this case, there was no underlying employment agreement or detrimental reliance by Macionski. The district court properly granted summary judgment to Alaska on this claim.
 
 
 13
 D. Wrongful Termination in Violation of Public Policy
 
 
 14
 Macionski alleges that he was terminated for complaining to his employer about unsafe work conditions and maintenance practices. Alaska counters that Plaintiff was terminated for "poor judgment". Plaintiff has failed to prove that Alaska's proffered reasons for his termination are pretextual.
 
 
 15
 A tort cause of action for wrongful termination will lie whenever a substantial, fundamental public policy is violated. Tameny v. Atlantic Richfield, 164 Cal.Rptr. 839 (1980); Gould v. Maryland Sound Ind. Inc., 37 Cal.Rptr.2d 718, 723 (1995). The public policy must have a clearly established constitutional or statutory basis. Gantt v. Sentry Insurance, 4 Cal.Rptr.2d 874, 881. Protected are employees who disclose illegal, unethical or unsafe practices. General Dynamics v. Superior Court, 32 Cal.Rptr.2d 1, 11 (1994).
 
 
 16
 At the time Plaintiff made the statements and gesture at the meeting in front of his employer and subordinates, he was not reporting the actual occurrence of pencil whipping or other safety violations, nor did he have a reasonable suspicion that violations had occurred.[2] Thus, Plaintiff has failed to present evidence which would create a genuine issue of material fact whether he was discharged in violation of public policy.[3] Thus, summary judgment was appropriate on the wrongful discharge claim. AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiff alleges that grounds for the claim arise out of the representations and assurances contained in the Alaska Airlines Employee Handbook and systems regulation manual, plaintiff's performance evaluations, raises, longevity of service, and defendant's actual disciplinary practices. Appellants Opening Brief at 21
 
 
 [2]
 Plaintiff claims that his Tameny claim is buttressed by Cal.Lab.Code § 1102.5, which precludes retaliation against an employee who reports a violation of law to any governmental agency. However, Plaintiff failed to report alleged violations to a public agency
 
 
 [3]
 Plaintiff cites two cases in support of his argument that reporting "potential" violations is in keeping with the strong public policy in favor of disclosure under Cal.Labor Code § 1102.5. Neither case cited by Plaintiff, Dabbs v. Cardiopulmonary Management Service, 188 Cal.App.3d 1437 (1987), or Hentzel v. Singer Co., 138 Cal.App.3d 290 (1982), involved a plaintiff who reported merely "potential" public policy violations